### H. C. COOK CO. v. LITTLE RIVER MFG. CO.

(Circuit Court, D. Connecticut.  November 19, 1908.)

#### No. 1,123.

EQUITY (§ 410*) — FINDINGS OF MASTER — EXCEPTIONS — SUFFICIENCY — DAMAGES RECOVERABLE.

The findings of a master as to the amount of damages recoverable by a complainant for infringement of a patent affirmed as against general exceptions which did not point out any evidence to impeach the same.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 910; Dec. Dig. § 410.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. On exceptions to master's report.

See, also, 136 Fed. 414, and 156 Fed. 676.

George D. Seymour and Munger & Munger, for complainant.

Williams & Harriman, for defendant.

PLATT, District Judge. This is a patent suit which has had a checkered career in our courts, and has now reached the stage where, if the master's report shall be accepted, a final decree will immediately follow.

In his report filed July 22, 1907, the master finds, "from the great mass of data produced by the defendant," that it manufactured and sold 2,681½ gross of infringing Apt Clippers. He also finds, "from the data furnished by defendant and from an analysis of the books of the complainant," that $3,931 is a "fair and reasonable net profit per gross" on complainant's clippers which would have been sold except for the infringing sales. A simple sum in arithemetic makes the total damages in this respect $10,540.95. This conclusion is reached by eliminating interest, but including taxes and insurance. He also finds that, "as a direct result of defendant's competition, complainant was forced to reduce its price for the sale of the Gem Clippers," and that because of said forced reduction it was further damaged $2,330.85.

The court has before it this plain report, unadorned, unembellished, and without complication, and yet the defendant, by its receiver, has filed 50 exceptions thereto. On the threshold of the argument upon the exceptions, the counsel for the receiver admits that the situation before the master made it impossible for him to arrive at any conclusion as to the profits or losses made by the defendant on its infringing sales, and that the master heard the case after and upon a distinct concession by the receiver that "the plaintiff might recover the amount of profits which it would have made had it manufactured the goods sold by the defendant." The master was then placed by the parties themselves where he had only two questions to decide: (1) How many infringing clippers did the defendant sell? (2) What net profit would have accrued to the plaintiff if it had sold an equal number of its own patented clippers? All exceptions, therefore, which relate to the matter of defendant's losses or profits on the infringing sales are manifestly irrelevant, and must be overruled.

The other class of exceptions touch upon the master's findings upon the net profits which plaintiff would have made if it had sold its own clippers to the customers who bought the infringing clippers. The basic trouble with such exceptions is that they are irregular and without foundation to rest upon. The attention of the court is not directed to any testimony taken by the master from which it can be determined that the master was mistaken in any of his inferences and conclusions. I am sure that I may say, without being charged with irreverence, that to me they appear to be "without form and void." The evidence is not in fact before me, but if it were, no reference is made to any portion of it, nor indeed to it as an entirety. Verily, darkness is upon the face of the deep. The brief used at the hearing cannot take the place of the exceptions. Sound equity practice would

be ingulfed in a quagmire if such exceptions as those under discussion were given any force and vitality. It is not pleasant to say these words. I did not create the situation which confronts me, but it exists by reason of the time-honored rules of law and equity, and I should deem myself recreant to my trust if I permitted the least relaxation of those rules because thereby a result might be reached which would be a soothing comfort to my personal views of the contention which has raged before me for a long, long time. I am bound hand and foot, and am constrained to accept the report of the master, which I think is able, fair, and conclusive.

Let a decree be entered, with costs, fixing the damages at $12,871.80.